IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ADRIAN CORNELIUS BRANHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-099 |
| | ) | (Formerly CR 107-001) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the United States Penitentiary in Coleman, Florida, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** as successive and not authorized by the Eleventh Circuit Court of Appeals, the motion for leave to file the § 2255 motion in abeyance (Doc. no. 2) be **DENIED** as moot, and this civil action be **CLOSED**.

I. **BACKGROUND**

On January 9, 2007, the grand jury in the Southern District of Georgia indicted Petitioner on one count of conspiracy to rob commercial businesses, in violation of 18 U.S.C.

§ 1951, three counts of robbery of a commercial business, in violation of 18 U.S.C. § 1951, and three counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See United States v. Branham, CR 107-001, doc. no. 1 (S.D. Ga. Jan. 9, 2007) (hereinafter "CR 107-001"). The Court appointed attorney J. Pete Theodocion to represent Petitioner (see id., doc. no. 4), and on May 9, 2007, a jury convicted Petitioner on all seven counts. Id., doc. no. 39. On September 26, 2007, United States District Judge William T. Moore, Jr., sentenced Petitioner to 1,644 months in prison, five years of supervised release, a $700.00 special assessment, and $573,750.00 in restitution. Id., doc. no. 41. Petitioner filed an appeal with the Eleventh Circuit, which affirmed his conviction. Id., doc. no. 52, cert. denied 555 U.S. 1117 (2009).

The Clerk of Court filed Petitioner's first § 2255 motion in this Court on December 31, 2009. See Branham v. United States, CV 109-167, doc. no. 1 (S.D. Ga. Dec. 31, 2009) ("CV 109-167"). Petitioner asserted the government failed to establish jurisdiction over him, he received ineffective assistance of trial and appellate counsel for numerous reasons, and he had been improperly sentenced. See generally id. Judge Moore denied the § 2255 motion, and the Eleventh Circuit Court of Appeals refused to issue a certificate of appealability. See id., doc. nos. 14, 25.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to

another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his second § 2255 motion, arguing Johnson applies because he was sentenced under a residual clause in 18 U.S.C. § 924(c) that mirrors the residual clause of the ACCA. (Doc. no. 1). Petitioner signed his current § 2255 motion on June 20, 2016, and the Clerk of Court filed it on June 27, 2016. (Id. at 1, 29). Three weeks before signing the current § 2255 motion, Petitioner filed an application for leave to file a second or successive § 2255 motion with the Eleventh Circuit on May 31, 2016. The Eleventh Circuit denied the application on June 16, 2016. See In re Adrian Branham, No. 13-13140 (11th Cir. June 16, 2016).

## II. DISCUSSION

### A. Petitioner's Motion Is Successive.

The § 2255 motion cannot be considered because of the successive motion restrictions enacted by AEDPA and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2). Section 2244, in turn, provides that prior to filing a successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

In Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011), the court distinguished between numerically second § 2255 motions and those barred as second or successive. The petitioner's numerically second motion was *not* second or successive because the claim, improper sentencing as a career offender, was not ripe at the time of his first motion when the predicate state convictions had not yet been vacated. In doing so, the Stewart court cited to Leal Garcia v. Quarterman, 573 F.3d 214, 222 (5th Cir. 2009), noting that, like in that case, petitioner's motion fell within a "small subset of unavailable claims that must not be categorized as successive." Stewart, 646 F.3d at 863. The Stewart court further noted that the Fifth Circuit's approach in Leal Garcia "is consonant with the Supreme Court's reasoning in" Panetti v. Quarterman, 551 U.S. 930 (2007). Id. at 862.

Leal Garcia explained that "[n]ewly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." Leal Garcia, 573 F.3d at 221 (emphasis in original). Indeed, AEDPA was specifically designed to protect against prisoners "repeatedly [attacking] the validity of their convictions and sentences" as "the legal landscape shifts." Id. at 221-22. Likewise, "claims based on a *factual* predicate not previously discoverable are successive," but if the

4

alleged defect did not exist or did not ripen until after adjudication on the merits of the previous petition, *e.g.*, an order vacating a federal prisoner's predicate state convictions used to enhance the federal sentence, a claim may be part of a small subset of claims not considered second or successive. Stewart, 646 F.3d at 863 (citing Leal Garcia, 573 F.3d at 221, 222).

Here, Petitioner previously filed a § 2255 motion the Court denied as barred by procedural default and on the merits of claims not defaulted. See CV 109-167, doc. nos. 11, 14. No intervening factual defect has come into existence and caused Petitioner's present claim to ripen in the time since Petitioner's first motion. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014). To the contrary, Petitioner bases his current claim on a new rule of constitutional law announced in Johnson, 135 S. Ct. at 2563. Such a request is properly classified as "second or successive" in the sense contemplated by § 2255. Indeed, Petitioner recognized this and applied to the Eleventh Circuit for authorization to file a successive petition. However, the Eleventh Circuit denied Petitioner's application, and therefore this Court lacks jurisdiction to consider Petitioner's current motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (determining "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition").

### B. Petitioner's Motion for Leave to File 2255 in Abeyance Should Be Denied as Moot.

When Petitioner filed his current § 2255, he also requested his motion be held in abeyance until the Eleventh Circuit issued a ruling on his application for authorization to file

5

a second petition. See doc. no. 2. Petitioner's request is now moot because the Eleventh Circuit denied Petitioner's application on June 16, 2016. See In re Branham.

### C. A Certificate of Appealability Should Not Issue.

The Court also recommends denial of a certificate of appealability ("COA") and denial of *in forma pauperis* ("IFP") status on appeal. A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Applying the COA standards, which are set forth in Brown v. United States, 407 CV 085, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues regarding the instant § 2255 motion, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted."); see also Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed notice of appeal). Since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be denied. 28 U.S.C. § 1915(a)(3).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** on the basis that it is successive and has not been authorized by Eleventh Circuit Court of Appeals, the motion for leave to file 2255 in abeyance (doc. no.

2) be **DENIED** as moot, and that this civil action be **CLOSED**. The Court further **RECOMMENDS** that Petitioner be **DENIED** a COA and permission to appeal IFP.

SO REPORTED AND RECOMMENDED this 19th day of August, 2016, at Augusta, Georgia.

*Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA