**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 107-001 |
| | * | |
| ADRIAN BRANHAM | * | |

**O R D E R**

On September 26, 2007, having been convicted by a jury on charges of conspiring to rob and robbing a series of banks and commercial businesses and associated firearms charges, Defendant Adrian Branham was sentenced to serve 137 *years* (1,644 months) in prison. The length of his sentence stemmed in part from three convictions under 18 U.S.C. § 924(c), for which Defendant received consecutive sentences of 84, 300 and 300 months.[1]

On December 21, 2018, Congress enacted the First Step Act of 2018 ("FSA"), which amended 18 U.S.C. § 924(c)(1)(C) to prohibit the imposition of consecutive 25-year sentences for convictions resulting from a single prosecution – the FSA's "anti-stacking provision." The anti-stacking provision was not made retroactive to those who had already been sentenced.

On November 1, 2023, the United States Sentencing Commission amended its Policy Statement governing the use of the compassionate

---

[1] The Court also imposed *consecutive* 240-month terms of imprisonment on Counts 1 through 4 related to the robbery convictions.

release provision in 18 U.S.C. § 3582(c)(1)(A). The Policy Statement, U.S.S.G. § 1B1.13, now provides that an unusually long sentence may constitute an extraordinary and compelling reason to reduce an imposed sentence. This provision states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Seizing upon these changes, Defendant filed a motion for compassionate release, arguing that his sentence is unusually long and the FSA's anti-stacking provision created a gross disparity between his original sentence and one he would receive if sentenced today. The United States Supreme Court's recent decision in Rutherford v. United States, 608 U.S. ---, 2026 WL 1485535 (May 28, 2026), expressly forecloses Defendant's argument. The Rutherford Court explained that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an extraordinary and compelling reason that warrants a sentence reduction." 2026 WL 1485535, at *6 (quotation marks and cite omitted). Thus, "Congress's nonretroactive change to § 924(c) –

2

considered by itself or in combination with other factors – cannot make a prisoner eligible for compassionate release." Id. at *10. Accordingly, Defendant has not asserted an extraordinary and compelling reason to support compassionate release based on the FSA's sentencing change to § 924(c).

Defendant also argues that he is entitled to relief under the catch-all provision of U.S.S.G. § 1B1.13(b)(5). Defendant points to the "extreme disparity" between his sentence and that of his co-conspirators, all of whom have been released from prison. The catch-all provision requires that the basis be "similar in gravity to those described in paragraphs (1) through (4)," which relate to a defendant's medical circumstances, age, family circumstances, and abuse in prison. The Court concludes, however, that disparity in the sentences of co-conspirators is neither extraordinary nor compelling as those terms are defined and considered in Rutherford. See 2026 WL 1485535, at **7-8.

Upon the foregoing, Defendant Branham's motion for compassionate release (doc. 130) is **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this 4th day of June, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3